State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Keith A. Prettyman, respondent.
___ N.W.2d ___

Filed September 19, 2014.    No. S-14-462.

Original action. Judgment of suspension.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

Keith A. Prettyman, respondent, was admitted to the practice of law in the State of Nebraska on July 2, 1976. At all relevant times, he was engaged in the private practice of law in Lincoln, Nebraska. On May 22, 2014, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent consisting of one count. In the one count, it was alleged that by his conduct, respondent had violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4(a)(1) through (5) and (b) (communications), and 3-508.4(a) and (c) (misconduct).

On June 30, 2014, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and conduct rules §§ 3-501.1, 3-501.3, 3-501.4(a)(1) through (5) and (b), and 3-508.4(a) and (c). In the conditional admission, respondent knowingly chose not to challenge or contest the truth of the matters conditionally admitted and waived all proceedings against him in connection therewith in exchange for a 2-year suspension.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's request for a 2-year suspension is appropriate.

Upon due consideration, we approve the conditional admission and order that respondent be suspended from the practice of law for a period of 2 years.

## FACTS

The formal charges state that at all times relevant to these proceedings, respondent served as outside counsel for Swanson Russell Associates (Swanson Russell). The one count contained in the formal charges stem from respondent's representation of Swanson Russell.

In November 2009, an I-129 "Petition for Nonimmigrant Worker" status was filed with the U.S. Citizenship and Immigration Services by someone other than respondent on behalf of an individual who was a citizen and national of Indonesia (individual). The purpose of filing the I-129 petition was to classify the individual as a nonimmigrant worker in a specialty occupation. The petition was approved on January 13, 2010, and it provided a change of the individual's status to H-1B status so that the individual could work for a certain employer in Lincoln. The individual's H-1B status was good until November 14, 2012. However, the individual's initial employer went out of business later in 2010.

In 2010, Swanson Russell wished to hire the individual. Swanson Russell contacted respondent, who agreed to represent Swanson Russell to ensure that the individual could legally work for Swanson Russell and maintain his correct status as a nonimmigrant worker. Respondent had not previously handled this type of immigration matter. The formal charges state that respondent failed to educate himself so that he could competently handle Swanson Russell's legal matter, and respondent failed to consult with a lawyer of established competence in the field.

In order for the individual to be legally employed by Swanson Russell, a new I-129 petition needed to be filed. Beginning in late 2010, respondent falsely informed Swanson Russell that he had filed the I-129 petition on behalf of the individual. Respondent's untruthfulness regarding the filing of the I-129 petition continued through July 2013.

In August 2013, Swanson Russell hired an immigration attorney to determine what could be done to complete the processing of the individual's I-129 petition. The immigration attorney discovered that respondent had not timely filed the I-129 petition and had repeatedly lied to Swanson

Russell about the matter. As a result of respondent's failure to competently handle the matter, it was necessary that the individual return to Indonesia in order to avoid additional legal difficulties.

The formal charges allege that respondent's actions constitute violations of his oath of office as an attorney as provided by § 7-104 and professional conduct rules §§ 3-501.1, 3-501.3, 3-501.4(a)(1) through (5) and (b), and 3-508.4(a) and (c).

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.1, 3-501.3, 3-501.4(a)(1) through (5) and (b), and 3-508.4(a) and (c), and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him

in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is suspended from the practice of law for a period of 2 years, effective immediately. Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.

STEPHAN, J., not participating.